May it please the court. My name is Attorney Josephine Smalls Miller, and I am the plaintiff in this matter. This matter involves what I believe to be sufficiently strong factual information to establish that the City of Bridgeport Police Department and its city attorney, as well as an assistant attorney in the department, engaged in disparate treatment in making and enforcement of contracts for legal services for its employees. This case can be looked at in two lights. First of all, the pleadings in the case demonstrate that the City of Bridgeport Police Department and its city attorney actually engaged in blocking of the creation of contracts for legal services between myself and its employees. Secondly, it also demonstrates that the city engaged in active attempts to interfere with and impair contracts between myself and clients who had chosen to utilize my legal services in their defense in matters that involved their actions as employees of the City of Bridgeport. The blocking of the contract came by the admission that the city attorney's office did at regular times engage attorneys to represent city employees when they were charged in litigation. Mr. Miller, I just want to make sure I understand your claim here. We're talking about two particular cases, right, here? I mean, they may or may not have had some general pattern or practice or whatever, but in terms of the actual issues that caused you damage here, we're focused on two cases in particular where they refused to allow you to be appointed to represent these clients. There were two who were employees of the Bridgeport Police Department. However, because in his analysis... But that's who you're suing here in this case. Correct. But I believe that because the trial court looked to evidence in another case that involved the Bridgeport Board of Education but also its city attorneys, I think it's appropriate for the court to look at the factual evidence of that. That may bear on the evidence that this was racially motivated if there are other similar cases. Correct. But the cases that we're focused on where the district court found a statute of limitations problem are these two particular cases. That is the case of Sergeant Valentin, who was an employee of the Bridgeport Police Department, as well as a Lieutenant Karpus. That is correct. Okay. So if it were the case that those two refusals to hire are time-barred, then that would be the end of this particular case, regardless of what might have happened in other situations involving other clients and other entities than the police department. Is that right? If it were time-barred. If it were time-barred. So that's one of the issues that's before us. Would you please tell us why these are not time-barred? I believe that these matters are not time-barred, first of all, because under Jones v. R. R. Donnelly, there is a four-year statute of limitations rather than the three-year statute of limitations that the trial court applied. Under Donnelly, it is said that there is that savings statute which allows the four-year statute to be applied rather than the State's three-year statute of limitations. And in which case, if you were to apply Donnelly, I was well within the four years in filing this complaint. But secondly, even if this Court decided that the four-year statute of limitations did not apply, I believe that under even the three-year statute, the claims were timely. In this sense, this matter first came before the trial court in Connecticut under the claim that was filed against the Bridgeport Board of Education. That was timely filed in the year 2012, then was removed from State court to Federal court. I then sought leave of court to amend that case, which was well within the three years, by adding the counts and the facts related to the Bridgeport Police Department as well as the Office of the City Attorney. And it is my considered opinion that the trial court erred when it disallowed the amendment. Well, it may have done, but then that would be an issue to be raised in the appeal of that case, right? Is there any — what you're essentially saying is that under something like Rule 15, the — or somewhat similar source of authority, the allegations made here in this complaint somehow relate back and should be deemed to have been filed in 2012? Yes, because — But is there any precedent for doing that across cases? I mean, it's one thing to say, you know, some allegation made in this complaint relates back to a prior superseded complaint, an unamended complaint or something, an original complaint in this case. But do you have any precedent that says if I tried to make a claim about these facts in a completely different proceeding and was denied that — and I didn't file promptly this — these — a complaint against these defendants about that incident then, filing a complaint later after the statute has run against these defendants, an independent complaint, relates back to the time when I attempted to amend a different complaint in a different case with other people to bring this up? Well, I think the question is, are we really talking a different party or different defendant? We're talking the Bridgeport Board of Education as well as the police department, but there are allegations against the — You're really talking about the city attorney. — office of the city attorney, which is really the moving party in terms of deciding what individuals are permitted to contract for legal services. Right. I understand. But if you have additional claims to make and you're not allowed by — erroneously or correctly, for whatever reason, by a district court to inject those into Case 1, but you don't then promptly file Case 2, you don't file Case 2 until the statute has run, again, assuming it has — this is an alternative argument for you that only is necessary if there's no four-year statute of limitations — does that work? I've never seen that before. Is there any precedent for that? I am not able to cite any issue, Your Honor, at this point, but defendants have argued that I sat on my rights by not filing, and I would say that that is not factually what happened in this instance. And can I ask one other question about yet another alternative way of finding this to be timely? You're also making a claim of interference with the contract that you had with the individuals. I just want to make sure I understand that claim. That, again, relates to these same individuals, right, Mr. Valentin and Mr. Vasquez? Correct. Is the idea that after the city refused to appoint you to represent these people at city expense, they nevertheless retained you and agreed to pay you themselves, but the city interfered with that by things like calling up the fellow and saying — one of the clients and saying, don't hire her, hire somebody else? Well, that is one factual scenario, but there is also the far more direct factual scenario where the legal relationship contractually had already been entered between myself and Sergeant Valentin, and the city attorney went so far as to have its own appointed person file an appearance. Right. So you're saying that those acts are not just the city refusing to contract with you, but those acts which occurred later, and I think your allegation is within even the three-year statute of limitations, constituted an attempt to defeat, impair the contract that you had with these clients who otherwise were able to — would have paid you. Correct. And — Did they damage from that? In other words, did they — is this going to be a case of sort of, maybe it's good enough, nominal damages because that is a racially motivated interference with the contract, but nevertheless, they continued — you continued to represent them, they continued to pay you, or is this a case where they then fired you as a result of this interference? I was not fired by them. I continued to represent them. However, I think there is damage there in the sense that it can be inferred that one of the reasons for the city attorney's refusal to contract with me and to interfere with those existing contracts was so that in future, others would be wary of utilizing my services in the future, ensuring that people might not want to use my services. But there's no allegation that in these cases, the clients walked away from you as their lawyer, or you did not receive whatever compensation was due to you under the contracts with those individual clients, whether from a contingency or something else. That's correct. Okay. They did not discontinue my services. I'm going to say probably because they know me to be a litigator. They know you to represent them, of course. And in fact, in the case of Officer Valentin, we were able to get the plaintiff in the case who had sued him to voluntarily dismiss the matter. Understood. And I'm going to say that that was due in some part to my skill as a litigator, which is set forth in some detail in Judge Meyer's decision. Thank you. Thank you very much, Ms. Miller. You have reserved two minutes for rebuttal. May it please the Court. Bridgeport Deputy City Attorney John Bohannon for the appellees. I'll begin where this case should have and properly did end before the District Court. The plaintiff missed the statute of limitations on her Federal claims. On October 29, 2010, the City definitively advised the plaintiff that it had not and would not authorize or compensate her to represent City employees in litigation. Pursuant to the Bridgeport City Charter, it is the City Attorney who is designated as the sole and exclusive representative of City employees who are sued. Pursuant to 7101A of the Connecticut General Statutes, the City has a duty to defend and indemnify its employees. In this case, the City of Bridgeport fulfilled its obligations. An employee went and apparently separately retained Ms. Miller to represent his personal interest in some way or form. Ms. Miller was advised that the City of Bridgeport would not compensate her for those services. On October 29, 2013, plaintiff's statute of limitations would have run based upon that notice, that definitive notice that was issued three years before. The complaint in this matter was not filed until May 14, 2014. Aside from the plaintiff's, contrary to the plaintiff's allegations that there was a continuing course of conduct, the notice from the City Attorney was definitive. There was a denial of a newly submitted invoice that Ms. Miller had issued approximately three years later, apparently in an attempt to revise the statute of limitations argument. The district court properly rejected a plaintiff's ability to forever allege new facts based upon a prior denial in order to extend a statute of limitations. The four-year statute of limitations does not apply in this case. Plaintiff's claim is a refusal to contract, not post-contract interference. In this case, the letter that was sent by the City Attorney's office was definitive. It did not stop Ms. Miller from being retained by any other client for their own personal reasons. In fact, what you just heard from Attorney Miller is that those clients did retain her and maintained her representation. There was no interference. Kennedy. But what — is there not a claim of later interference with those contracts in the form, for example, of a city attorney, assistant city attorney, calling this client of hers and telling her that he would do better to not be represented by her, but to hire a Mr. Bucci, who it's not specifically alleged in the complaint is white, but I think that's what it — if you look him up on the Internet, that's what you see. There is no such actionable claim under Federal law. And the reason for that is there is no claim, notwithstanding any comments, that Attorney Miller claims to have been made, that any such comment would have been motivated in any way by race or has any racial relationship in this case. And that is the linchpin of her Federal-based claim. She has to make an allegation, allege something that shows that a comment was made that was racially motivated, that the basis of that comment was to stop her from being retained or to interfere with a contractual relationship based upon her race. There is no such outcome. Okay. So this is a 12b-6. This is not a statute of limitations issue. This is a — as to those claims of interference with the relationship between Ms. Miller and clients who retained her individually, there's not a claim that that is untimely. It's just a claim that there's no basis, no plausible claim of racial motivation? Is that the — I don't think you can discern the timing from the complaint. I see. Yeah. So it's not going to fall within — I'm not saying that it doesn't fall within the statute of limitations. To the extent that it would have existed and may not have fallen within the statute of limitations, it was clearly incumbent upon the plaintiff to make that clear on the record in advance, that argument, and it was not done. You mean the — I'm sorry. Just to clarify, when you say it was incumbent on the plaintiff to make that argument, what argument precisely? Well, to the extent that the plaintiff would try to claim that there was some sort of a post-contract interference, which I don't read into this complaint. I think there are stray comments that are referenced, but there is no allegation that any such stray comment had a racial motivation or was any way related to trying to block or interfere with a contractual relationship based upon racial grounds. In dealing with the motion to dismiss in this matter, the plaintiff did not bring forward facts that would show that any such stray comments would have fallen within the statute of limitations. Are you saying — are you saying that there is no stand-alone claim of interference, or are you saying something else? I don't see any stand-alone claim of interference in this case. It's simply a refusal to contract with Ms. Miller. The client was free to contract. The city of Bridgeport had no contract with Attorney Miller. As a matter of fact, it definitively told Ms. Miller from the outset that it would not contract with her or allow her to represent the clients in connection with the indemnification claim. She was clearly free to represent those individuals in regard to their own personal interests. I mean, I'm looking at A28, tortious interference of contract, count five. I'm sorry, Your Honor. A28 of the appendix. But is that the — that's not this complaint. Is that right? The plaintiff's appendix? Yes. Where is this complaint? Is that — am I right, Mr. O'Hannon, that the complaint that was filed in this case is in the supplemental appendix that you filed? It is, Your Honor. Okay. And that's at pages — starting at page SA20. Oh, wait. No, I have that wrong. That's the ruling. But it is in — it's SA4, right? Yes, Your Honor. I believe in my supplemental appendix. That's at SA1, actually. SA1 through SA19. So count — I'm sorry, count five, SA14, which is — I was looking at the appendix, but it's the same count. That's a common law claim made under state law, Your Honor. And so that's your — that's your response, is that that is not at all part of and can't be regarded as part of the federal claim? No, Your Honor, it's a separate cause of action. There are no allegations constituting any federal claim in connection with any such allegation here. Okay. And that claim does not include her racial discrimination claim? It doesn't incorporate it by reference? Correct, Your Honor. Okay. Anything else? No. Unless the Court has any other questions for me, I believe that the District Court's opinion is very precise, sets forth very good grounds for its decision in this matter, and we've done everything we could to advance our arguments and the support thereof in our briefs. So barring any further inquiries from the Court, I have nothing further. Thank you. Ms. Miller? Your Honors, with regard to the complaint in this case, all of the factual allegations are incorporated by reference into each of the subsequent counts, including count number 5, which is the tortious interference claim. What I think is important for this Court to look at is that the fact that the trial court determined that there was not sufficient evidence of racial discrimination or motivation shown by the pleadings in the complaint. And I would disagree with counsel that a plaintiff in a discrimination matter needs to show evidence of racially based comments. We all know that that is the very unusual case in today's modern world. What is relevant is whether or not there was disparity in treatment, even if a defendant said all of the right things and did not use any racial slurs or epithets. But the base, there still needs to be a plausible allegation of racial motivation. And what you're saying, I take it, is that you at least have a prima facie case because the attorneys that were being pushed on your client by the city attorney were white. That's correct. And furthermore, that there was a pretext shown by the eventual defense that the defendants raised, which was an alleged conflict of interest that they claimed that I had. And I would suggest to the Court that that was really a red herring because when you look at the city charter upon which they relied to say that I had a conflict of interest doesn't relate to employees at all. It relates to municipal officers. And that is the plain meaning of the charter, allows the city attorney to make those kinds of decisions with regard to officers. But a police officer, a sergeant or a lieutenant, is not a municipal officer in the sense that the charter means. And so we believe that the Court went beyond the plain meaning of the statute in saying that, yes, the defendants had a viable claim of conflict of interest. And we've also pointed out to the trial court that even if you were to accept this idea that the city could look at a potential conflict of interest, we had Attorney Tom of the city, a Caucasian male who regularly handled cases for employees of the city and against the city. In one instance, with regard to Sergeant Valentin, there was the representation by Attorney Bucci of one employee who was a police officer against two other police officers. But you may be right about all of these, and I'm sympathetic. But do you agree that the principal issue and the issue that Judge Meyer was focused on related to the statute of limitations? Is there anything else on the statute of limitations that you want to argue, discuss? We've said what I think is relevant and what we've put in the brief. And then he dismisses the count five and the other state counts because he refuses to exercise pendant jurisdiction. I think the Court should not skip over the fact, however, that the trial court misapplied the law as it relates to racial discrimination and how you show that. What he, in essence, said was that the claim and the facts of racial discrimination that I did present, he said, were undermined by the fact that the city had one other African-American attorney who was an employee of the city attorney's office and another African-American lawyer who was in a majority white firm. But you agree that if we disagree with you with respect to the statute of limitations, we don't have to get to that issue? If you disagree. That's correct. Thank you very much. We'll reserve the decision. Thank you.